**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)**

| | | |
|---|---|---|
| CLOUD SYSTEMS HOLDCO, LLC | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| THE ADT CORPORATION | ) | |
| | ) | |
| | ) | [JURY TRIAL DEMANDED] |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Cloud Systems Holdco, LLC (hereinafter, "Plaintiff" or "Cloud"), by and through its undersigned counsel, files this Complaint for Patent Infringement against The ADT Corporation (hereinafter, "Defendant" or "ADT") as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving Plaintiff's United States Patent No. 7,975,051 (hereinafter, "the '051 Patent"), a copy of which is attached hereto as Exhibit A. Plaintiff seeks injunctive relief and monetary damages based on Defendant's unauthorized use, offer for sale, and sale of the ADT Pulse® automation system in the United States.

2. The abstract of the '051 Patent states:

> A system and method for managing, routing and controlling devices and inter-device connections located within an environment to manage and control the environment using a control client is presented. A user provides commands via the control client to a server that maintains a representation of the environment and the devices within the environment. The server provides commands to devices present within the environment

in response to user commands and other events, including events from the environment. The commands cause the devices in the environment to adopt specific desired states thereby causing the environment and the devices within the environment to create desired connections by and between the devices and to otherwise control and effect the environment.

## PARTIES

3. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business at 2 Bethesda Metro Center, Suite 444, Bethesda, Maryland, 20814.

4. Based upon public information, Defendant is a corporation duly organized and existing under the laws of Delaware and has its principal place of business (corporate headquarters) located at 1501 Yamato Road, Boca Raton, Florida, 33431.

5. Based upon public information, Defendant is in the business of providing interactive home and business automation systems and related monitoring services in the United States and Canada, including sales and support of the ADT Pulse automation system.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Maryland and in the District of Maryland; Defendant has purposefully availed itself of the privileges of conducting business in the State of Maryland and in the District of Maryland; Defendant has sought protection and benefit from the laws of the State of Maryland; Defendant regularly conducts business within the State of Maryland and within the District of Maryland, and Plaintiff's causes of action arise directly from Defendant's

business contacts and other activities in the State of Maryland and in the District of Maryland, including the Counties comprising the Greenbelt Division.

8. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Maryland, and the District of Maryland including the Counties comprising the Greenbelt Division. Based upon public information, Defendant has committed patent infringement in the State of Maryland and in the District of Maryland including the Counties comprising the Greenbelt Division, and Defendant solicits customers in the State of Maryland and in the District of Maryland including the Counties comprising the Greenbelt Division. *See* Exhibit B comprising a screenshot of Defendant's webpage titled, "ADT Maryland Home Security Systems and 24 Hour Automation" also available at http://homesecurity.adt.com/md/. Defendant has many paying customers who are residents of the State of Maryland and the District of Maryland and who use Defendant's products in the State of Maryland and in the District of Maryland, including the Counties comprising the Greenbelt Division.

9. Venue is proper in the District of Maryland, Greenbelt Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND INFORMATION

*The Asserted Patent*

10. The '051 Patent was duly and legally issued by the United States Patent and Trademark Office on July 5, 2011 after a full and fair examination.

11. Plaintiff is the owner of the '051 Patent, and possesses all right, title and interest in the '051 Patent, including the right to enforce the '051 Patent, the right to license the '051 Patent, and the right to sue Defendant for infringement and recover past damages.

12. At least claim 1 of the '051 Patent claims a system for remote management of input and output devices that can monitor for the occurrence of pre-selected triggering events on an input device, and in response can direct action to an output device. Control client devices can submit automation or event scheduling requests to a system server. The system server maintains a database with mappings of system device statuses, their connections, and the rules that govern their operation. Input devices can be environment devices that monitor physical characteristics of an environment and transmit a representative signal. Input devices can also be source devices that may transmit encoded signals. Application service software that executes on the system server controls operation of devices, inter-device connections, and monitoring activity.

*Defendant's Infringing Activities and Products*

13. Based upon public information, Defendant has infringed and continues to infringe the '051 Patent by using, offering for sale, and selling the ADT Pulse automation system in the United States that embodies or uses the inventions claimed in the '051 Patent. The ADT Pulse automation system includes ADT Portal software executing on networked computers and smartphones capable of managing security devices. *See* the ADT Pulse system schematic reproduced below. Those security devices include monitoring devices such as cameras, door/window sensors, motion sensors, and thermometers. *See, e.g., id.* Those security devices also include devices that correspond to the monitoring devices and act in response to the monitoring devices, such as video playback devices, alarm sirens, light bulbs, and HVAC systems. *See, e.g., id.* System computing hardware receives requests to set automation schedules for the system security devices, and system computing hardware controls operation of the security devices, inter-device connections, and monitoring activity. *See, e.g., id.*



## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,975,051

14. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-13 above.

15. Plaintiff is informed and believes that Defendant has infringed and continues to infringe at least claim 1 of the '051 Patent, either literally or under the doctrine of equivalents, through the use, offer for sale, and sale of the ADT Pulse automation system in the United States, including the operation and control of such systems after initial installation sold as a subscription service.

16. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

17. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Defendant's infringement of Plaintiff's rights under the '051 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

    A.    An adjudication that one or more claims of the '051 Patent has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

    B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

    C.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the '051 Patent;

    D.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

    E.    Any further relief that this Court deems just and proper.

Dated:  April 14, 2016                                    Respectfully submitted,

*/s/ David A. Wilson*
David A. Wilson (MD Bar. No. 012990)
Clifton E. McCann
Christopher M. Comiskey
**Thompson Hine LLP**
1919 M. Street, NW
Washington D.C. 20036
Telephone: (202) 263-8800
Facsimile:  (202) 331-8330
Email: david.wilson@thompsonhine.com
           cemccann@thompsonhine.com
           christopher.comiskey@thompsonhine.com

*Counsel for Plaintiff*